IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 2:18-CV-02058-HLT-JPO |
| ) | |
| SMX, LLC d/b/a STAFF ) | FIRST AMENDED COMPLAINT |
| MANAGEMENT \| SMX, ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment policies and practices based on sex and provide appropriate relief to Jaurdai Walker who was adversely affected by such practices. As alleged with greater particularity in paragraphs below, Defendant SMX, LLC d/b/a Staff Management | SMX ("SMX") created a hostile work environment for Walker by allowing one of its account managers, Abbas Mohamed, to repeatedly make explicit sexual comments, demands for sexual favors, and promises for favored treatment in exchange for sexual favors, to Walker. On at least one occasion, Mohamed exposed himself to Walker while soliciting oral sex. Mohamed's harassment and Defendant SMX's failure to take prompt and effective remedial action was so unbearable that Walker was forced to resign.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343, and 1345.

2. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. Venue is proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3), because the illegal employment practices at issue were committed within the jurisdiction of the United States District Court for the District of Kansas.

## PARTIES

4. Plaintiff Equal Employment Opportunity Commission (the "Commission" or "EEOC") is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. At all relevant times, Defendant SMX has continuously been an Illinois corporation doing business in the State of Kansas and has continuously had at least 15 employees.

6. Defendant SMX is a wholly-owned subsidiary of True Blue, Inc. True Blue responds to all EEOC charges of discrimination filed against SMX.

7. At all relevant times, Defendant SMX has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g)

and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

8. On July 31, 2015, Jaurdai Walker filed a charge of discrimination with the Commission alleging Defendant SMX violated Title VII.

9. On July 17, 2017, the Commission issued to Defendant SMX a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant SMX to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

10. The Commission engaged in communications with True Blue, Inc., which was acting on behalf of Defendant SMX, to provide Defendant SMX the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11. The Commission was unable to secure from True Blue, Inc., and Defendant SMX a conciliation agreement that was acceptable to the Commission.

12. On November 7, 2017, the Commission issued a Notice of Failure of Conciliation to Defendant SMX and True Blue, Inc.

13. All conditions precedent to the initiation of this lawsuit have been fulfilled

## STATEMENT OF FACTS

14. Jaurdai Walker, a woman, started working for Defendant SMX in December 2014.

15. Walker was an employee of Defendant SMX from December 2014 until July 2015.

16. On or about May 1, 2015, Defendant SMX assigned Walker to work at Proctor & Gamble in Kansas City, Kansas, on a soap assembly line.

17. While working for Defendant SMX at Proctor & Gamble, Walker's supervisors included Melinda Blount, Line Supervisor, and Abbas Mohamed, Account Manager.

18. From the first day of her assignment at Proctor & Gamble and on an almost daily basis thereafter, Mohamed made sexual remarks and propositions to Walker, including calling her "baby," telling her she was "sexy," and suggesting to her that she could drive his truck in exchange for sexual favors.

19. Mohamed made similarly harassing comments to other female employees.

20. Mohamed asked Walker for oral sex.

21. Mohamed told Walker he would give her paid time off if she would "give him head."

22. Shortly after the harassment began, Walker reported Mohamed's conduct to Blount.

23. Blount told Walker she should "screw him and get free hours."

24. Mohamed did not stop his harassment of Walker and he continued to demand oral sex and make other sexually degrading and offensive remarks to Walker on an almost daily basis.

25. On one occasion Mohamed exposed his genitalia to Walker and asked her to perform oral sex.

26. Walker continuously refused all demands for sexual favors from Mohamed.

27. When Walker repeatedly refused Mohamed's demands for sex, Mohamed did not report all the hours Walker worked, causing her to be paid for fewer hours than she actually worked.

28. On or about May 28, 2015, Walker again reported the harassment to another Defendant SMX supervisor, Candace Seithel.

29. Walker and another female employee gave Seithel written statements about Mohamed's harassment.

30. Seithel told Walker that Defendant SMX's lawyer would contact her and that Mohamed would not know she filed a complaint.

31. Defendant SMX transferred Walker to a different work line at Proctor & Gamble that was not supervised by Mohamed.

32. On or about May 30, 2015, Defendant SMX placed Mohamed on leave.

33. On or about June 10, 2015, a True Blue investigator interviewed Walker.

34. No one from Defendant SMX or True Blue reported or discussed the results of its investigation with Walker.

35. On or about June 12, 2015, Defendant SMX brought Mohamed back to work.

36. Sometime after June 12, 2015, Walker called Defendant SMX's office to ask about her work hours, and the person who answered the phone told her Mohamed

had been fired.

37. Sometime between June 22 and July 5, 2015, Walker arrived at the parking lot at Proctor & Gamble around 5:30 a.m. to go to work and Mohamed pulled his truck in front of her car, blocking her from driving her car into the parking lot.

38. Mohamed jumped out of his truck, and tried to get Walker to lower her car window, yelling, "Why did you report me?"

39. Walker begged Mohamed to move his truck so she could park her car and go to work, but he continued to berate and threaten her and would not move his truck until another car pulled up behind Walker's car.

40. Around this same time, Walker's male coworkers began harassing her and telling her she should not have reported Mohamed, who they stated was a "cool" boss who allowed them good breaks.

41. After the confrontation at the parking lot, Walker feared for her safety and was afraid to come to work.

42. Because of her fear for her safety and the continuing harassment, Walker's working conditions were unbearable and she was forced to end her employment with Defendant SMX.

## COUNT I
(Title VII – Sexual Harassment)

43. The Commission repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

44. Mohamed's repeated use of sexually harassing language and behavior toward Walker was intentional and intended to negatively impact female employees.

45. Mohamed's sexually harassing language and behavior was unwelcome, highly offensive, egregious, humiliating, and intimidating.

46. Mohamed's sexually harassing language and behavior was sufficiently severe or pervasive to create a sexually hostile work environment for Walker.

47. Although Walker reported Mohamed's sexually harassing conduct to Defendant SMX, it failed to take prompt, effective remedial action to end the harassment.

48. Defendant SMX refused to promptly or effectively discipline Mohamed and allowed him to continue supervising Walker even after she initially complained about his harassment.

49. Defendant SMX unlawfully deprived Walker of equal employment opportunities because of her sex in violation of 42 U.S.C.§2000e-2(a)(1).

50. As a direct and proximate result of Defendant SMX's violation of 42 U.S.C. § 2000e-2(a)(1), Walker suffered actual damages including but not limited to losses in compensation and benefits, humiliation, emotional distress, and loss of enjoyment of life.

51. Defendant SMX's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard for Walker's federally- protected rights.

COUNT II
(Title VII – Constructive Discharge)

52. The Commission repeats, re-alleges, and incorporates by reference

11

the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

53.     By its illegal discriminatory acts violation of 42 U.S.C. § 2000e-2(a)(1), Defendant SMX made working conditions so difficult for Walker that a reasonable person in her position would feel compelled to resign.

54.     As a direct and proximate result of Defendant SMX's violation of 42 U.S.C. §2000e-2(a)(1), Walker suffered actual damages including but not limited to back pay, losses in compensation and benefits, humiliation, emotional distress, and loss of enjoyment of life.

55.     Defendant SMX's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard for Walker's federally-protected rights.

PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Issue a permanent injunction enjoining Defendant SMX, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them from engaging in any employment practice which discriminates on the basis of sex, including harassment or the creation of a hostile work environment based on sex in violation of 42 U.S.C. § 2000e-2(a)(1);

B. Order Defendant SMX to institute and carry out policies, practices, and

    programs that provide equal employment opportunities for female workers and eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant SMX to make Walker whole by providing appropriate back pay and benefits with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of Defendant SMX's unlawful employment practices, including but not limited to rightful place reinstatement or front pay in lieu of reinstatement;

D. Order Defendant SMX to make Walker whole by providing compensation for past and future pecuniary and non- pecuniary losses resulting from the unlawful employment practices described in Counts I and II above, including but not limited to emotional distress, pain and suffering, anxiety, loss of enjoyment of life, humiliation, embarrassment and inconvenience, in amounts to be determined at trial;

E. Order Defendant SMX to pay Walker punitive damages for its malicious conduct or reckless indifference described above, in amounts to be determined at trial;

F. Grant such other and further relief as this Court deems necessary and proper in the public interest; and

G. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

PLACE OF TRIAL

The Commission requests Kansas City, Kansas, as the place of trial.

>JAMES L. LEE
>Deputy General Counsel
>
>GWENDOLYN YOUNG REAMS
>Associate General Counsel
>
>ANDREA G. BARAN, MO Bar No. 46520
>Regional Attorney
>C.   FELIX MILLER,  MO Bar No. 28309
>Supervisory Trial Attorney St. Louis District Office 1222 Spruce St., Room 8.100 St. Louis, MO 63130
>314-539-7910
>andrea.baran@eeoc.gov
>felix.miller@eeoc.gov
>
>s/ *Dayna F. Deck*
>DAYNA F. DECK, MO Bar #39033,
>Kan. Bar No. 78505
>Senior Trial Attorney
>400 State Ave., Suite 905
>Kansas City, KS 66101
>Phone: (913) 551-5848
>Fax: (913) 551-6957
>dayna.deck@eeoc.gov
>ATTORNEYS FOR PLAINTIFF
>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION