## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
)
     **Plaintiff,** )
)    **Case No. 2:18-CV-02058-HLT-JPO**
**v.** )
)
SMX, LLC d/b/a STAFF )
MANAGEMENT | SMX, )
)
     **Defendant.** )

### ANSWER TO FIRST AMENDED COMPLAINT

COMES NOW Defendant SMX, LLC d/b/a Staff Management | SMX (hereinafter "Defendant" or "SMX") by and through its undersigned counsel, and submits its Answer to the First Amended Complaint filed by Plaintiff Equal Employment Opportunity Commission (hereinafter "Plaintiff" or "EEOC") as follows:

### "NATURE OF THE ACTION" PARAGRAPH

To the extent that a response is required to the First Amended Complaint's unnumbered "Nature Of The Action" Paragraph preceding Paragraph 1 of the First Amended Complaint, Defendant responds as follows: Defendant admits that this is an action brought by Plaintiff that purports to assert claims under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, and alleges violations of same on behalf of Jaurdai Walker ("Walker") but denies that it violated same, and denies that it has any liability thereunder. Except as specifically admitted, Defendant denies the remaining allegations contained in this Paragraph.

### JURISDICTION AND VENUE

1.    Defendant admits the allegations contained in Paragraph 1 of the First Amended Complaint.

2.     The allegations contained in Paragraph 2 of the First Amended Complaint are legal conclusions to which no response is required; however, to the extent a response may be deemed to be required, Defendant denies the same.

3.     Defendant admits that venue is proper in this Court, but denies that any illegal employment practices were committed.  Except as specifically admitted, Defendant denies the remaining allegations contained in Paragraph 3 of the First Amended Complaint.

## PARTIES

4.     Defendant admits that Plaintiff is an agency of the United States of America that is charged with the interpretation and enforcement of Title VII of the Civil Rights Act of 1964.  The remaining allegations contained in Paragraph 4 of the First Amended Complaint are legal conclusions to which no response is required; however, to the extent a response may be deemed to be required, Defendant denies the same.

5.     Defendant admits the allegations contained in Paragraph 5 of the First Amended Complaint.

6.     Defendant admits the allegations contained in Paragraph 6 of the First Amended Complaint.

7.     Defendant admits the allegations contained in Paragraph 7 of the First Amended Complaint.

## ADMINISTRATIVE PROCEDURES

8.     As for the allegations contained in Paragraph 8 of the First Amended Complaint, Defendant states that the EEOC charge document filed by Walker speaks for itself as to the date it was filed and its contents.

9.     Defendant admits the allegations contained in Paragraph 9 of the First Amended Complaint.

10.     Defendant admits that Defendant and the EEOC engaged in communications regarding Walker's allegations, but denies that the EEOC provided Defendant with adequate opportunity to remedy any alleged discriminatory practices or fulfilled its statutory duty to conciliate in good faith prior to failing same or filing this action.  Except as specifically admitted, Defendant denies the remaining allegations contained in Paragraph 10 of the First Amended Complaint.

11.     As for the allegations contained in Paragraph 11 of the First Amended Complaint, Defendant is without sufficient information to admit or deny the allegations and therefore denies the same.

12.     Defendant admits that on or about November 7, 2017, the EEOC issued a Notice to Defendant, the contents of which speak for itself.  Except as specifically admitted, Defendant denies the remaining allegations contained in Paragraph 12 of the First Amended Complaint.

13.     Defendant admits that prior to the filing of this lawsuit, Walker filed an EEOC Charge and the EEOC issued a determination letter and failed conciliation.  Defendant denies that the EEOC fulfilled the statutory and administrative prerequisites to filing this action, and avers that Plaintiff failed to conciliate in good faith.   Except as specifically admitted, Defendant denies the remaining allegations contained in Paragraph 13 of the First Amended Complaint.

## **STATEMENT OF FACTS**

14.     Defendant admits the allegation contained in Paragraph 14 of the First Amended Complaint.

15.     As for the allegations contained in Paragraph 15 of the First Amended Complaint, Defendant admits that Walker was employed by and worked for Defendant at various times between December 2014 and July 2015.  Except as specifically admitted, Defendant denies the remaining allegations contained in Paragraph 15 of the First Amended Complaint.

16.     Defendant admits that it assigned Walker to work at the Proctor & Gamble facility on or around May 2, 2015.  Except as specifically admitted, Defendant denies the remaining allegations contained in Paragraph 16 of the First Amended Complaint.

17.     Defendant admits that Abbas Mohamed ("Mohamed") was an Account Supervisor, but denies that Melinda [*sic*] Blount was one of Walker's supervisors. Except as specifically admitted, Defendant denies the remaining allegations contained in Paragraph 17 of the First Amended Complaint.

18.     Defendant denies the allegations contained in Paragraph 18 of the First Amended Complaint.

19.     Defendant denies the allegations contained in Paragraph 19 of the First Amended Complaint.

20.     Defendant denies the allegations contained in Paragraph 20 of the First Amended Complaint.

21.     Defendant denies the allegations contained in Paragraph 21 of the First Amended Complaint.

22.     As for the allegations contained in Paragraph 22 of the First Amended Complaint, Defendant is without sufficient information to admit or deny the allegations and therefore denies the same.

23.    As for the allegations contained in Paragraph 23 of the First Amended Complaint, Defendant is without sufficient information to admit or deny the allegations and therefore denies the same.

24.    Defendant denies the allegations contained in Paragraph 24 of the First Amended Complaint.

25.    Defendant denies the allegations contained in Paragraph 25 of the First Amended Complaint.

26.    As for the allegations contained in Paragraph 26 of the First Amended Complaint, Defendant is without sufficient information to admit or deny the allegations and therefore denies the same.  Defendant further denies Mohamed demanded sexual favors from Plaintiff.

27.    Defendant denies the allegations contained in Paragraph 27 of the First Amended Complaint.

28.    Defendant admits that on or about May 28, 2015, Walker complained about Mohamed to SMX supervisor Candace Seithel ("Seithel").  Defendant denies that it had any knowledge of such allegations prior to this time.  Except as specifically admitted, Defendant denies the remaining allegations contained in Paragraph 28 of the First Amended Complaint.

29.    Defendant admits Plaintiff and another female employee gave written statements to Seithel and that such statements speak for themselves.  Except as specifically admitted, Defendant denies the remaining allegations contained in Paragraph 29 of the First Amended Complaint.

30.    Defendant admits that it told Walker SMX would conduct a prompt and thorough investigation, and that it would keep the information confidential to the extent possible.  Except as

5

specifically admitted, Defendant denies the remaining allegations contained in Paragraph 30 of the First Amended Complaint.

31.     Defendant admits the allegations contained in Paragraph 31 of the First Amended Complaint.

32.     Defendant admits the allegations contained in Paragraph 32 of the First Amended Complaint.

33.     Defendant admits that a TrueBlue investigator attempted to call Walker for an interview at her phone number of record two different times on June 3, 2015, along with emailing her to set-up a time to be interviewed.  Defendant further admits that the same TrueBlue investigator attempted to reach Walker again on June 10, 2015, and was successfully able to interview her the same day.  Defendant denies any allegation in this Paragraph to the extent it alleges that June 10, 2015 was the first time Defendant reached out to Walker.  Except as specifically admitted, Defendant denies the remaining allegations contained in Paragraph 33 of the First Amended Complaint.

34.     Defendant denies the allegations contained in Paragraph 34 of the First Amended Complaint.

35.     Defendant admits Mohamed returned to work after the investigation into Walker's allegations.  Except as specifically admitted, Defendant denies the remaining allegations contained in Paragraph 35 of the First Amended Complaint.

36.     As for the allegations contained in Paragraph 36 of the First Amended Complaint, Defendant is without sufficient information to admit or deny the allegations and therefore denies the same.

37.     Defendant denies the allegations contained in Paragraph 37 of the First Amended Complaint.

38.     Defendant denies the allegations contained in Paragraph 38 of the First Amended Complaint.

39.     Defendant denies the allegations contained in Paragraph 39 of the First Amended Complaint.

40.     Defendant denies the allegations contained in Paragraph 40 of the First Amended Complaint.

41.     Defendant denies the allegations contained in Paragraph 41 of the First Amended Complaint.

42.     Defendant denies the allegations contained in Paragraph 42 of the First Amended Complaint.

**<u>COUNT I</u>**
(Title VII – Purported Sexual Harassment)

43.     Defendant incorporates by reference its responses to paragraph 1 through 42 of this Answer, as if fully set forth herein.

44.     Defendant denies the allegations contained in Paragraph 44 of the First Amended Complaint.

45.     Defendant denies the allegations contained in Paragraph 45 of the First Amended Complaint.

46.     Defendant denies the allegations contained in Paragraph 46 of the First Amended Complaint.

47.     Defendant denies the allegations contained in Paragraph 47 of the First Amended Complaint.

7

48.     Defendant denies the allegations contained in Paragraph 48 of the First Amended Complaint.

49.     Defendant denies the allegations contained in Paragraph 49 of the First Amended Complaint.

50.     Defendant denies the allegations contained in Paragraph 50 of the First Amended Complaint.

51.     Defendant denies the allegations contained in Paragraph 51 of the First Amended Complaint.

## COUNT II
(Title VII – Purported Constructive Discharge)

52.     Defendant incorporates by reference its responses to paragraph 1 through 51 of this Answer, as if fully set forth herein.

53.     Defendant denies the allegations contained in Paragraph 53 of the First Amended Complaint.

54.     Defendant denies the allegations contained in Paragraph 54 of the First Amended Complaint.

55.     Defendant denies the allegations contained in Paragraph 55 of the First Amended Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any form of relief contained in the "Prayer for Relief" Section of the First Amended Complaint, Paragraphs A through G, inclusive.  Defendant further denies any violations or wrongdoing of any kind and, therefore, denies that Walker is entitled to any relief, at equity or at law.

8

## PLAINTIFF'S DEMAND FOR A JURY TRIAL

Defendant admits that Plaintiff's First Amended Complaint sets forth a demand for a jury trial, but it denies that a jury trial may determine equitable remedies or otherwise decide issues not triable to the jury and accordingly objects to same.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST DEFENSE

To the extent not already specifically addressed above, Defendant denies each and every allegation not expressly admitted herein.

### SECOND DEFENSE

Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Some or all of Plaintiff's claims fail to state a claim upon which relief may be granted by this Court.

### FOURTH DEFENSE

Plaintiff has failed to complete all statutory conditions precedent to instituting this lawsuit, including a failure to engage in a good-faith effort at conciliation with Defendant prior to filing this action.

### FIFTH DEFENSE

Plaintiff's claims are barred to the extent that Walker failed to complete all statutory conditions precedent to instituting this lawsuit.

**SIXTH DEFENSE**

Walker is not entitled to any relief sought, per *Faragher v. City of Boca Raton*, 524 U.S. 755 (1998) and *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998), by her unreasonable failure to: (1) timely report the alleged acts of disability discrimination to a representative of Defendant; (2) take advantage of any preventive or corrective opportunities provided by Defendant; and/or (3) otherwise avoid harm.

**SEVENTH DEFENSE**

In the event that Defendant discovers or otherwise learns of evidence to which the "after acquired" evidence doctrine applies, as per *McKennon v. Nashville Banner Publishing Co.*, 115 S. Ct. 879 (1995), Walker shall be then and thereafter barred or limited from recovery or remedy pursuant to said doctrine.

**EIGHTH DEFENSE**

To the extent any representative of Defendant committed any unlawful action, which Defendant denies, those individuals' actions were committed outside the scope of their employment for which Defendant cannot be held responsible.

**NINTH DEFENSE**

Plaintiff is not entitled to some or all of the relief requested in the First Amended Complaint because neither Defendant nor any of its officers, directors, or managing agents committed any act or omission with willful, malicious, or reckless disregard for Walker's rights, nor did Defendant authorize or ratify any such act or omission.

**TENTH DEFENSE**

Walker has failed to comply with her common law duty to mitigate her claims to damages, her entitlement to which is expressly denied. Alternately, Plaintiff's claims for damages must be

offset and reduced by any and all amounts (including, but not limited to unemployment compensation, insurance payments, and the like) that she earned or could have earned with due diligence.

## ELEVENTH DEFENSE

Plaintiff's claims for punitive damages violate Defendant's federal and/or state constitutional protection from, including without limitation, excessive fines, cruel and unusual punishment, denial of due process, and denial of equal protection of the law.

## TWELFTH DEFENSE

Plaintiff's claims for damages are speculative in nature and should therefore be stricken.

## THIRTEENTH DEFENSE

Defendant avers that this action in whole or in part is frivolous, unreasonable and groundless, and accordingly, Defendant is entitled to attorney's fees and other costs associated with the defense of this action.

## FOURTEENTH DEFENSE

Defendant reserves the right to amend this Answer to assert any defenses or claims that Defendant may have against Plaintiff as authorized by law or under the Federal Rules of Civil Procedure.

11

## DEFENDANT'S PRAYER FOR RELIEF

**WHEREFORE**, having fully answered and responded to the allegations of the First Amended Complaint, Defendant denies that Plaintiff or Walker is entitled to the relief requested in the First Amended Complaint and respectfully requests that:

1. The entire First Amended Complaint be dismissed with prejudice;

2. Each and every prayer for relief contained in the First Amended Complaint be denied;

3. Judgment be entered in favor of Defendant;

4. All costs, including reasonable attorneys' fees, be awarded to Defendant against Plaintiff pursuant to applicable law; and that

5. Defendant have such other and further relief as this Court may deem just and proper.

Respectfully submitted this 20th day of December, 2018.

> /s/ Kimberly F. Seten
> Donald Prophete (KS #77936)
> Kimberly F. Seten (KS #19394)
> Constangy, Brooks, Smith & Prophete, LLP
> 2600 Grand Blvd., Suite 750
> Kansas City, MO 64108
> Telephone: 816-472-6400
> Facsimile: 816-329-5954
> dprophete@constangy.com
> kseten@constangy.com
>
> Erica V. Mason
> Georgia Bar No. 14986 (admitted Pro Hac)
> Constangy, Brooks, Smith & Prophete, LLP
> 230 Peachtree St., NW, Suite 2400
> Atlanta, GA 30303
> Telephone: (404) 525-8622
> Facsimile:  (404) 525-6955
> emason@constangy.com
>
> Attorneys for Defendant

12

5578565v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 20th day of December, 2018, I electronically transmitted the

foregoing document with the Clerk of Court using the ECF System which will send notification of

such filing to the following:

Andrea G. Baran
C. Flex Miller
St Louis District Office
1222 Spruce Street, Room 8.100
St. Louis, MO 63130
andrea.baran@eeoc.gov
felix.miller@eeoc.gov

Dayna F. Deck
Emily A. Keatley
400 State Ave., Suite 905
Kansas City, KS 66101
dayna.deck@eeoc.gov
emily.keatley@eeoc.gov

ATTORNEYS FOR PLAINTIFF EQUAL
EMPLOYMENT OPPORTUNITY COMMISION

*/s/ Kimberly F. Seten*
An Attorney for Defendant

13

5578565v.1