### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**SMX, LLC d/b/a STAFF MANAGEMENT \| SMX,**<br><br>    **Defendant.** | Case No. 2:18-CV-02058-HLT |

### CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission ("EEOC") instituted this lawsuit against Defendant SMX, LLC, ("Defendant" or "SMX") alleging violations of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e, *et seq*. The EEOC alleged that SMX deprived employee Jaurdai Walker ("Walker") of equal employment opportunities because of her sex by subjecting her to unlawful sexual harassment. SMX denies all allegations. The parties have advised the Court that they wish to resolve this suit without the expense, delay, and burden of further litigation.

It is the finding of this Court, made on the pleadings and on the record as a whole and upon agreement of the parties, that: (i) this Court has jurisdiction over the parties and the subject matter of this action, (ii) the requirements of Title VII will be carried out by the implementation of this decree, (iii) this Decree is intended to and does resolve all matters in controversy in this lawsuit, and (iv) the terms of this decree constitute a fair, reasonable, and equitable settlement and are not contrary to law.

## I. GENERAL PROVISIONS

1. SMX, its officers, agents, managers, employees, successors, and assigns, will not discriminate because of sex against any employee with respect to hiring, training, promotion, firing, compensation, or other terms, conditions, or privileges of employment.

2. SMX shall not retaliate against any employee with respect to hiring, training, promotion, firing, compensation, or other terms, conditions, or privileges of employment because such employee has: (i) opposed any employment practice alleged to constitute unlawful employment discrimination, including but not limited to reporting sexual harassment; (ii) participated in an investigation concerning or related to allegations of such discrimination; and/or (iii) participated in this lawsuit and/or the underlying EEOC investigation of the charge which formed the predicate for this lawsuit.

3. SMX will submit all reports required by this Decree to the EEOC by email at: EEOC-SLDO-decree-monitoring@eeoc.gov.

4. <u>Geographic Scope</u>.  Except as otherwise stated, the geographic scope of this Decree shall be any location where SMX employees, whether permanent or temporary, work within the states of Kansas and Missouri.

## II. MONETARY RELIEF

5. <u>Settlement Sum</u>. Judgment is entered in favor of the Commission and against SMX in the amount of $50,000.00 ("Settlement Sum"). This amount represents back pay and compensatory damages for Jaurdai Walker.

6. Within fifteen (15) calendar days of the entry of this Decree, or the date SMX is provided IRS Forms W-4 and W-9, whichever is later, SMX will send payment of the Settlement Sum to Walker, via certified mail, at an address provided to SMX by the EEOC, as follows:

a. Twenty-five thousand dollars ($25,000.00) will be considered backpay. This amount will be reflected on an IRS Form W-2 issued to Walker no later than January 31, 2020. SMX will pay its share of the payroll taxes on this amount, including all FICA and FUTA taxes. SMX will withhold applicable payroll taxes owed by Walker in accordance with the provided IRS Form W-4.

b. Twenty-five thousand dollars ($25,000.00) will be considered compensatory damages and will be reflected on an IRS Form 1099 issued to Walker no later than January 31, 2020. No deductions from this amount will be made.

7. Within five (5) business days of issuing the Settlement Sum, SMX will submit a copy of each check, itemized statement, and any accompanying correspondence to the EEOC at the address listed in paragraph 3 above.

8. <u>Conditions.</u> The receipt of the Settlement Sum by Walker will not be conditioned upon her agreement to: (a) maintain as confidential the terms of this decree or the facts of this case; (b) waive her statutory right to file a charge for future conduct with any federal or state anti-discriminatory agency; (c) refrain from reapplying for employment with SMX; (d) a non-disparagement agreement; (e) execute a general release of claims; or (f) any other terms or conditions which are not explicitly stated in this decree. Walker will execute the release attached as Exhibit 1.

## III. <u>EQUITABLE RELIEF</u>

9. <u>Anti-Discrimination Statement</u>. Within thirty (30) days of the entry of this Decree, SMX will include the following anti-discrimination statement on the home screen of its website (www.staffmanagement.com) and on SMX's Facebook page under the "About" section: "SMX is an equal opportunity employer and all applicants and employees are treated without regard to race,

color, religion, sex, national origin, disability status, sexual orientation, age, gender identification, protected veteran status, or any other characteristic protected by law."

10. <u>Posters</u>. Within sixty (60) days of the entry of this Decree, SMX will create a separate poster advising employees to contact the ComplianceALERT telephone number or email address if they believe they have been subjected to harassment or discrimination for any reason. SMX will provide a copy of the poster to the EEOC and the EEOC will have thirty (30) days to submit any requested changes to SMX. Any disagreement regarding the content of the poster will be submitted to the Special Master (described in paragraph 20). This poster will be posted at each employment site within the geographic scope as defined in Paragraph 4, in a location visible to and frequented by SMX employees, next to SMX's already existing ComplianceALERT Reporting and Anti-Harassment poster.

11. <u>Temporary Employee Training.</u> SMX will ensure all training of temporary employees regarding harassment and discrimination uses plain, simple language, avoiding legalese as much as possible and provides clear, easy to understand instructions regarding how employees may report unwelcome conduct they have witnessed or experienced. Beginning 120 days after the entry of this Decree, SMX shall:

   a. require all temporary employees to view video training regarding sexual harassment and retaliation (which may include training regarding other forms of harassment and discrimination). The video will include clear and specific examples of inappropriate/prohibited conduct related to sexual harassment, emphasize SMX's commitment to providing a workplace free from sexual harassment and sex discrimination, and inform employees how they can use the ComplianceALERT telephone number and email address to report unwelcome conduct they have

witnessed or experienced. For new hires, the video will be shown during the on-boarding process by the end of the employee's third shift and when other employment and/or safety information is presented. The video shall be reshown to all employees on the first day of each quarter during the term of the Decree;

b. provide all temporary employees with a printed copy of SMX's Sexual and Other Unlawful Harassment and Discrimination Policy, separately from any employee handbook or other document or resource, in conjunction with each employee's first viewing of the sexual harassment training video described above;

c. provide all temporary employees a wallet-sized card containing the ComplianceALERT hotline number and email address and a few, short specific examples of prohibited harassment in the workplace.

12. <u>Supervisory Employee Training</u>. Within one hundred eighty (180) days of the entry of this Decree and annually thereafter, SMX will provide a minimum of one hour of training regarding the prevention of sexual harassment and retaliation to all management and supervisory employees. SMX will require similar training for every individual hired or promoted to a supervisory position within 30 days of their hire or promotion.

13. SMX will provide a copy of the materials used in the training described in paragraph 12 above to the EEOC no later than thirty (30) days after the entry of this Decree. If the EEOC has any objections to the materials, it will notify SMX in writing within thirty (30) days of receipt. If the parties cannot agree on the content of the materials, the objecting party will submit the dispute to the Special Master, who will make the final decision regarding the content of the training.

14. One year after the entry of this Decree and annually thereafter, SMX will provide the EEOC a written report that includes the dates of each training, and the name, job title, work location and phone number of each supervisor who received the required training within the previous year.

15. <u>Sexual Harassment Investigation Protocol</u>. Within forty-five (45) days of the entry of this Decree, SMX will adopt a standard written protocol that applies to all sexual harassment investigations involving SMX employees nationwide. The protocols will include, at minimum:

   a. a general timeline for completion of all investigations and a mechanism for extending the time limit if necessary;

   b. procedures for investigations that include, at a minimum, how the local manager where the employee works (known as a SAM) will be involved in the investigation, if necessary; who the potential pool of final decision maker(s) will be for determining the resolution of any complaint (including any discipline for the accused); the general contents of what a written report should contain; and how and when the results of the investigation will be reported to the complainant; and

   c. directions for how and when a SAM or other SMX manager will follow up with the complainant in person or via telephone at the end of the investigation to explain the results of the investigation.

16. Within forty-five (45) days of the entry of this Decree, SMX will provide a copy of the investigation protocols to the EEOC. If the EEOC has any objections to the protocols, it will notify SMX in writing within thirty (30) days of receipt. If the parties cannot agree on the

protocols, the objecting party will submit the dispute to the Special Master, who will make the final decision regarding the protocols.

17.  <u>Investigator Training</u>. Starting ninety (90) days from of the entry of this Decree, any individual who performs sexual harassment investigations for SMX anywhere in the nation will have received training within the previous twelve months regarding best practices and investigative techniques for investigating reports of sexual harassment or retaliation. The training may address investigations of other types of discrimination, but sexual harassment and retaliation must be specifically addressed, and the training must include:

- SMX's company policies and its legal obligation to prevent, investigate, and stop workplace sexual harassment;

- Selection of private, safe locations for interviews;

- Factors to consider when determining whether to conduct interviews in person or remotely;

- Factors to consider when determining whether to include a witness in the interview and selection of that witness;

- Best practices for obtaining information from a person who reports possible harassment, including interviews and how to conduct them in a way to encourage sharing of information, the use of written questions, the use of translators when needed, and allowing the opportunity for appropriate support (including EAP resources) for the reporting individual during the investigative process;

- Best practices regarding how to treat the reporting individual and alleged harasser during the course of the investigation, including but not limited to separate work

- areas, transfer, paid leave, suspension, etc., and the reporting individual's right to be free from retaliation;

- How to judge the credibility of witnesses;

- Best practices for determining the appropriate thoroughness of an investigation, including the investigation of necessary witnesses and the review of other appropriate evidence, such as emails, text messages, voicemails, video footage, etc.;

- Best practices for handling the conclusion of an investigation in a way that prevents future concerns regarding unlawful harassment, prevents retaliation, and informs the reporting individual of how she or he can report retaliation or future concerns.

18. On September 1, 2019, and annually during the term of this decree, SMX will submit a report to the EEOC providing the names, job titles, work locations, and phone numbers of each person who investigated reports of sexual harassment or retaliation by SMX employees on SMX's behalf within the previous twelve (12) months, except that the September 1, 2019, report will be limited to the period of time between the entry of this Decree and August 31, 2019. SMX will certify that each investigator received the training required by paragraph 17 above prior to conducting the investigation, and the certification will include the date(s) of the training(s) attended, a brief summary of the training(s) (including an agenda or outline and name, job title and experience of the person(s) who provided the training(s), and how the training was administered (i.e., in person, webinar, etc.)).

19. <u>Sexual Harassment Complaint Reporting</u>. Within one hundred eighty (180) days of the entry of this Decree, and every six (6) months thereafter during the term of this Decree, SMX shall send the EEOC a list of all reports of sexual harassment or other unwelcome conduct based

on sex in the previous six (6) months, a summary of the complaint, a description of the investigation conducted, actions taken by SMX upon completion of the investigation, and the end result of the complaint and include each reporting individual's name, last four digits of his or her social security number, home address, phone number, job title, job location, and the date of the report. The EEOC may request the investigative report related to any identified harassment report, and SMX shall provide the requested investigative report within ten (10) business days of the EEOC's request.

### IV. ENFORCEMENT

20. <u>Special Master</u>.  In order to resolve disputes arising from enforcement of paragraphs 10, 13, and 16 above, Michelle Minor shall serve as Special Master. All fees charged by the Special Master shall be paid by SMX, at a rate of no more than $300.00 per hour and for no more than four (4) hours of time. At the time an issue is submitted to the Special Master, each party may submit their position in writing to the Special Master. The parties will endeavor in good faith to reach agreement without the need for the assistance of the Special Master, but under no circumstances shall the EEOC be liable for payment of the Special Master's fees.

21. To ensure compliance with this decree, the EEOC may, with fourteen (14) days prior written notice to SMX via its counsel, Kimberly Seten of Constangy, Brooks, Smith & Prophete, LLP, or her alternate, conduct interviews and review documents and files related to the requirements of this decree. SMX will immediately notify the EEOC in writing of any change in counsel to be notified.

22. If the EEOC determines that SMX has not complied with the terms of this Consent decree, the EEOC will provide written notification to SMX's counsel, Kimberly Seten of Constangy, Brooks, Smith & Prophete, LLP, or her alternate, of the alleged breach. The EEOC

will not petition the Court for enforcement of this Consent Decree for at least sixty (60) days after providing written notification of the alleged breach.

## V. TERM AND EFFECT OF DECREE

23. The Court will retain jurisdiction over this matter for the duration of this Consent Decree for purposes of compliance and enforcement.

24. A copy of this decree will be provided to SMX's current corporate officers, and SMX will provide a copy of this decree to any entity that proposes to acquire or merge with SMX prior to acquisition or merger.

25. This Consent Decree will be in effect for three (3) years from the date it is entered by the Court.

26. Upon petition by a party, the Court may extend the term of this Consent decree.

27. By entering this Decree, the parties do not intend to resolve any charges of discrimination currently pending before the Commission other than the charge that created the procedural foundation for the complaint in this case, *Walker v. SMX*, Charge No. 563-2015-01733.

28. Each party will bear its own costs and fees.

Dated: June 14, 2019                             /s/  *Holly L. Teeter*
                                                 HOLLY L. TEETER
                                                 UNITED STATES DISTRICT JUDGE

**BY CONSENT:**

**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**

*Andrea G. Baran* by CFM

Andrea G. Baran
Regional Attorney
C. Felix Miller
Supervisory Trial Attorney
St. Louis District Office
1222 Spruce Street, Room 8.100
St. Louis, Missouri 63103
(314) 539-7910 (telephone)
(314) 539-7895 (facsimile)
andrea.baran@eeoc.gov

Dayna F. Deck
Senior Trial Attorney
Kansas City Area Office
400 State Ave., Suite 905
Kansas City, KS 66101
(913) 551-5848 (telephone)
(913) 551-6957 (facsimile)
dayna.deck@eeoc.gov
*Attorneys for Plaintiff*

**SMX, LLC**

James B. Defebaugh
General Counsel

Donald Prophete (KS #77936)
Kimberly F. Seten (KS #19394)
Constangy, Brooks, Smith & Prophete, LLP
2600 Grand Blvd., Suite 750
Kansas City, MO 64108
Telephone: 816-472-6400
Facsimile: 816-329-5954
dprophete@constangy.com
kseten@constangy.com
*Attorneys for Defendant*

# EXHIBIT 1

## **RELEASE BY JAURDAI WALKER**

In consideration for the gross sum of Fifty Thousand Dollars ($50,000.00), paid to me by Defendant, SMX, LLC, in connection with the resolution of *EEOC v. SMX, LLC*, I waive my right to recover for any claims of discrimination and/or harassment that I had against SMX, LLC prior to the date of this release arising out of my Charge of Discrimination, No. 563-2015-01733, including those claims included in the EEOC's complaint in *EEOC v. SMX, LLC*, 2:18-cv-02058-HLT-JPO.


Date: _____                              _____
                                                                    Signature